IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACK BURKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:21-cv-00606 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| TONY PARKER, in his individual | ) MAGISTRATE JUDGE HOLMES |
| capacity as COMMISSIONER OF THE | ) |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is a Motion to Dismiss filed by Defendant Tony Parker, Commissioner of the Tennessee Department of Corrections. (Doc. No. 10). Plaintiff filed a Response (Doc. No. 13), and Defendant filed a Reply (Doc. No. 14).

### I. BACKGROUND

Plaintiff Jack Burke is a former probation officer with the Tennessee Department of Corrections ("TDOC"). (Doc. No. 1, ¶¶ 6, 8). He was terminated from his employment on September 14, 2020. Plaintiff received a termination letter from Commissioner Parker stating that he decided to fire Plaintiff due to Plaintiff's violation of TDOC policies and "Rules of the Tennessee Human Resources." (*Id*. ¶ 33). Plaintiff claims his termination was retaliation for his posting information on social media regarding various policy matters of "inherent public concern." (*Id*., ¶¶ 12-13, 35).

Plaintiff brings a claim under 42 U.S.C. § 1983 against "Tony Parker, in his individual capacity as the Commissioner of the Tennessee Department of Correction" alleging violation of his First Amendment right to free speech. (*Id*., ¶ 1). Plaintiff seeks declaratory judgment,

reinstatement with backpay and benefits to the date of his termination, nominal and compensatory damages, and an award of attorney's fees and costs.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

## III. ANALYSIS

Commissioner Parker seeks to dismiss Plaintiff's claims for monetary damages on grounds that the Eleventh Amendment bars claims for monetary damages against state officials in their official capacity and because, as a state official in his official capacity, he is not a "person subject to suit for damages under 42 U.S.C. § 1983. (Doc. No. 10). Commissioner Parker contends "[t]he allegations in the Complaint do not express an intent to bring an individual capacity claim against [him]." (Doc. No. 11 at 1 n.1).

2

Plaintiff does not dispute that official capacity claims for damages would be barred under under Section 1983 and the Eleventh Amendment. *See Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1989) (unless a state expressly consents to suit, the Eleventh Amendment bars "any suit brought by a private party where payment of liability must be from public funds … regardless of the actual party being sued"), *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) (state officials acting in their official capacities are not "persons" under Section 1983). He argues that neither of these bars are applicable to his claim because he has sued the Commissioner in his individual capacity, not his official capacity. (Doc. No. 13). Indeed, here, the case caption and two separate paragraphs of the Complaint indicate that Commissioner Parker is being sued in his "individual capacity." (*See* Doc. No. 1, ¶¶ 1, 7; and the case caption).

Defendant argues the Court should disregard the case caption and specific statements in the Complaint and find that Plaintiff has sued him in his official capacity. (Doc. No. 14 at 3). He suggests that, under *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the Court should look to the allegations of the Complaint to determine whether the allegations provide notice of an intent hold the Defendant personally liable. (*Id.*). In *Moore*, the court was clear that the "course of proceedings" test is applicable "when a § 1983 plaintiff fails to affirmatively plead capacity in the complaint." *Moore*, 272 F.3d at 773. Here, Plaintiff has done so. Accordingly, the Court need not examine the allegations to determine whether the claims are brought against Defendant in his individual or official capacity. The caption states the claim is an individual capacity claim. The inquiry ends there.[1]

---

[1] Commissioner Parker also argues that the Court should disregard the words of the Complaint because Plaintiff served him through the Tennessee Attorney General's Office, implying that such service somehow transforms the Complaint to one brought against him in his official capacity. He provides no authority for this position, and the Court finds no cause to disregard the plain language of the Complaint. Commissioner Parker also argues in a footnote that because he was not personally served, the Court does not have personal jurisdiction over him as an individual. (Doc. No. 14 at 2 n.3 (citing *Friedman v. Estate*

To the extent Defendant asserts that the Complaint fails to allege sufficient facts to state a claim against him in his individual capacity, this argument also fails. (Doc. No. 14 at 2). Aside from the merits, this argument suffers from two infirmities. First, it is debatable whether Commissioner Parker raised this argument in his initial brief. At most, he asserts (in a footnote) that "the allegations in the Complaint do not express an intent to bring an individual capacity claim against Commissioner Parker." (Doc. No. 10 at 1, n.1). Generally, courts will not consider arguments raised for the first time in a reply. *See Selby v Schroeder*, 522 F.Supp.3d 388, 401 n.8 (M.D. Tenn. 2021) (noting that arguments raised for the first time in reply briefs are generally considered waived); *G.C. ex rel. Johnson v. Wyndham Hotels and Resorts, LLC*, 829 F. Supp.2d 609, 614 (M.D. Tenn. 2011) (arguments raised for the first time in reply briefs are generally not considered).

Second, Defendant's assertion that Plaintiff has failed to allege sufficient facts to state an individual capacity claim is not a fully developed argument. He does not address the elements of a Section 1983 claim or attempt to show which elements are insufficiently pleaded. "It is not enough for a party to mention a possible argument in the most skeletal way and leave the court to put flesh on its bones." *Estep v. Combs*, 366 F. Supp.3d 863, 882 (E.D. Ky. 2018) (quoting *Brenay v. Schartow*, 709 F. App'x 331, 336 (6th Cir. 2017)).

Nevertheless, with regard to the merits, the Court finds Plaintiff has sufficiently alleged a claim against Defendant in his individual capacity under Section 1983. To bring a claim against an official in his personal capacity, a plaintiff must allege facts that, if proven, would establish

---

*of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)). As he has not moved to dismiss for lack of personal jurisdiction, the Court does not address this argument.

that: "(1) a person, (2) acting under color of state law; (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001).

This is not a case where there has been no individual action on the part of the Defendant. Defendant does not dispute that Plaintiff has alleged an action by Commissioner Parker. Construing the allegations in the light most favorable to Plaintiff, the Complaint alleges Commissioner Parker made the decision to terminate Plaintiff's employment and sent Plaintiff a letter stating the grounds for Plaintiff's termination. (Doc. No. 1, ¶¶ 33). Plaintiff alleges Commissioner Parker terminated his employment in retaliation for Plaintiff posting information on social media in violation of his rights under the First Amendment. (*Id*., ¶ 35).

Defendant appears to take issue with Plaintiff's claims against him in his individual capacity for what he contends was action taken in his official capacity. Defendant argues that the Complaint does not allege that Commissioner Parker "knew Plaintiff, even encountered Plaintiff, or was even aware of the alleged statements at issue" and is therefore "devoid of a nexus between Mr. Parker as an individual and the alleged protected conduct." (Doc. No. 14 at 3). It is not clear which of the elements, if any, Defendant is intending to address with this argument. Moreover, as stated above, *Hafer* makes clear that "state officials are not immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Hafer*, 502 U.S. at 30.

At this juncture, and notably absent any argument that Defendant was not acting under color of state law or addressing the elements of the First Amendment retaliation claim, the Court finds Plaintiff has plausibly alleged a claim under Section 1983.

5

Case 3:21-cv-00606   Document 23   Filed 05/24/22   Page 5 of 6 PageID #: 87

## IV. CONCLUSION

Because the Complaint brings claims against Defendant in his individual capacity and alleges sufficient facts to plausibly allege a claim under Section 1983, Defendant's motion to dismiss the damages claims on grounds that the Complaint pleads a claim against him in his official capacity will be DENIED.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE